UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STEPHEN D. SMITH (545332), )
 )
     Plaintiff )
 ) No. 1:14-0140
v. ) Senior Judge Haynes/Bryant
 ) **Jury Demand**
MARSHALL COUNTY SHERIFF'S )
OFFICE, *et al.*, )
 )
     Defendants )

**TO: THE HONORABLE WILLIAM J. HAYNES, JR.**
    **SENIOR DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

Defendants Tennessee Bureau of Investigation, Tennessee Correctional Institute, Bradley Eliot and Andrew Kon have filed their motion dismiss amended complaint (Docket Entry No. 95). After the filing of this motion, Plaintiff Smith filed an amended complaint (Docket Entry No. 116). Thereafter, Defendant Eliot filed his motion to dismiss second amended complaint (Docket Entry No. 121), to which Plaintiff Smith has not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that the earlier motion to dismiss (Docket Entry No. 95) be **DENIED** as moot upon the filing of Plaintiff's second amended complaint, and that Defendant Eliot's motion to dismiss (Docket Entry No. 121) be **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff Stephen D. Smith, a prisoner proceeding *pro se* and *in forma pauperis*, has filed his civil rights complaint

pursuant to 42 U.S.C. § 1983 alleging that multiple defendants have violated his constitutional rights in various ways while Smith was confined as a pretrial detainee in the Marshall County Jail. Defendant Bradley Eliot is identified in paragraph 7 of the amended complaint as an agent of the Tennessee Bureau of Investigation ("TBI") (Docket Entry No. 116 at 3). The allegations in the amended complaint against Defendant Eliot appear in paragraphs 36 and 37 (*Id*. at 18). Plaintiff claims that Eliot withheld evidence favorable to the Plaintiff until September 2014 in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Plaintiff Smith claims that the withholding of this evidence provided the prosecution with an unfair advantage and violated Plaintiff's right to due process, presumably in violation of the Fourteenth Amendment.

Defendant Eliot has now filed his motion to dismiss for failure to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rules of

Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008

WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## ANALYSIS

A district court cannot grant a motion to dismiss pursuant to Rule 12(b)(6) in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion to dismiss to insure that he has discharged that burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

To establish a claim pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) the defendant deprived plaintiff of a right, privilege or immunity secured to plaintiff by the United States Constitution or other federal law; and (2) the defendant caused this deprivation while acting under color of state law. *Arbuckle v. City of Chattanooga*, 696 F. Supp.2d 907, 920 (E.D. Tenn. 2010). Here, Defendant Eliot does not dispute the fact that as a TBI agent he was acting under color of state law. Instead, Eliot argues that Plaintiff Smith has failed to allege a plausible claim of constitutional violation in this matter.

Plaintiff's claim against Defendant Eliot is based upon the case of *Brady v. Maryland*, 373 U.S. 83 (1963). This decision requires disclosure of potentially exculpatory information to criminal defendants. Courts have held that this obligation applies not only to prosecutors, but also to law enforcement. *Moldawan v. City of Warren*, 578 F.3d 351, 379 (6th Cir. 2009).

In this case, Plaintiff Smith fails to allege a complete failure of disclosure of the allegedly exculpatory information. Instead, Smith claims that Defendant Eliot delayed the disclosure until September 2014. Courts have held that *Brady* generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose. *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986). Delay only violates *Brady* when the delay itself causes prejudice. *United States v. Patrick*, 965 F.2d 1390, 1400 (6th Cir. 1992), *vacated and remanded on other grounds*, 507 U.S. 956 (1993). The *Brady* doctrine requires only the production of material in time for its effective use at trial. *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994) (*citing United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988)).

In his amended complaint (Docket Entry No. 116), filed on August 11, 2015, Plaintiff Smith states that he is still a pretrial detainee (*Id.* at 6). He further concedes that the allegedly exculpatory information was provided to him in September 2014, almost 11 months before the filing of his amended complaint. Plaintiff Smith has failed to identify specifically what this allegedly exculpatory information is, and he also has failed to allege or explain how the delay in disclosure of such information has prejudiced him in his ability to use such information effectively at his trial.

For the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiff's amended complaint fails to state a

claim against Defendant Eliot upon which relief can be granted, and therefore that Defendant Eliot's motion to dismiss (Docket Entry No. 121) should be granted.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss (Docket Entry No. 95) be denied as moot due to the subsequent filing of an amended complaint and that Defendant Eliot's motion to dismiss (Docket Entry No. 121) be granted and the complaint against him dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 19th day of February, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge